RECEIVED

JUN - 9 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT                                a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MOHAMED AHMED HASSAN ABDALLAH          DOCKET NO. 15-CV-1418; SEC. P
OMRAN

VERSUS                                 JUDGE DRELL

UNITED STATE OF AMERICA, ET AL.        MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a complaint filed on April 24, 2015, by pro se plaintiff Mohamed Omran, who is proceeding *in forma pauperis*. Omran is presently incarcerated at the Natchitoches Parish Detention Center. He filed suit pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] and/or the Federal Tort Claims Act[2] (FTCA).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff alleges that, on March 21, 2014, he was transferred to the custody of the United States Marshal Service pending trial in a criminal matter. [Doc. #1, p.3] Plaintiff was instructed to provide Defendant Nicole Roy with an address to which his personal

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[2] 28 U.S.C. §§ 1346 and 2671.

property could be sent.   Plaintiff claims that Defendant Roy allowed a computer expert to access Plaintiff's computer prior to sending it to the address specified.   The expert tampered with the hard drive and all of Plaintiff's computer documents and photographs were erased or deleted. [Doc. #1, p.3]

Plaintiff states that he presented his claim to the USMS on September 25, 2014, but he did not receive a response within the time frame provided by law.   He claims that Defendant Roy and the unnamed computer expert deprived him of his personal property without due process in violation of the Constitution.

### Law and Analysis

In Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Court held that, regardless of whether a government employee intentionally or negligently deprived an inmate of his or her property, the deprivation does not violate the due process clause as long as the inmate has adequate post-deprivation remedies available under state law. Id. at 533; see also, Sun v. U.S., 49 F.3d 728, 1995 WL 103351 (5th Cir., March 1, 1995)(extending the holding of Hudson to federal prisoners).   In Daniels v. Williams, 474 U.S. 327 (1986), the Supreme Court held that "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Id. at 328.

In this case, to the extent Plaintiff's claim is that Defendants negligently destroyed his personal property, there has

been no deprivation of property under the due process clause. See Daniels, 474 U.S. at 328. To the extent Plaintiff's claim is that Defendant Roy and the expert intentionally confiscated or destroyed his property, the relevant inquiry is whether an adequate post-deprivation remedy was available to Plaintiff to address the loss of his property. In this case, Plaintiff had adequate post-deprivation remedies available to him through the BOP administrative remedy process. The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his or her confinement. See 28 C.F.R. §§ 542.10 through 542.19. The BOP also has an administrative tort claims procedure whereby an inmate may file a claim with regard to his damaged or lost property. See 28 C.F.R. §§ 543.30 through 543.32. Numerous courts have held that the Tort Claims Act represents an adequate post-deprivation remedy for prisoners complaining of deprivation of personal property. See Salter v. Nickerson, 2013 WL 866198 (E.D. Tex. 2013), citing Marulanda v. U.S. Marshals Service, 467 Fed.Appx. 590, 2012 WL 210559 (9th Cir., January 25, 2012) (holding that Congress has provided an adequate post- deprivation remedy for the unauthorized acts of a federal employee, citing 31 U.S.C. §3724(a), so the plaintiff had no claim for the destruction of his property under Hudson); Bonneau v. Maxwell, civil action no. 3:12cv130, 2012 WL 3644140 (D.Ore., August 23, 2012) (31 U.S.C. §3724 foreclosed Bivens claim for destruction of property by government officials).   Thus, because Plaintiff had adequate

3

post-deprivation remedies available to him, he fails to state a due process claim upon which relief may be granted, and his property deprivation claim under <u>Bivens</u> must be dismissed.

Even if this action were construed to be a combined <u>Bivens</u> and FTCA action, any property deprivation/destruction claim under the FTCA would also be subject to dismissal. The FTCA confers subject matter jurisdiction on district courts over negligence actions against the United States. <u>See</u> 28 U.S.C. §1346(b)(1). However, the FTCA exempts certain claims, including "[a]ny claim arising in respect to the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). Because Plaintiff asserts his claims against a United States Marshal Service employee, his FTCA claim would be subject to dismissal for lack of subject matter jurisdiction. <u>See</u> Gibson v. Sadowski, 308 F. App'x 580, 581-82 (3d Cir.2009) (citing Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680, (2008) (holding that BOP officers who allegedly lost inmate's personal property during his transfer were "law enforcement officers" as that term is used in § 2680(c).

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's FTCA claim be **DISMISSED FOR LACK OF JURISDICTION** and his <u>Bivens</u> claim be be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted pursuant

4

to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE